DIEGO O. MARRERO ET AL., Plaintiffs and Appellees, *v.* MARÍA BELÉN OLMEDA, Defendant; CONCEPCIÓN PLÁ WIDOW OF ALFARO, Defendant and Appellant.

No. 9587. Argued February 4, 1948.—Decided July 21, 1948.

*Facundo Sánchez* for appellant.   *Diego O. Marrero, pro se,* and *Carlos D. Vázquez,* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

On March 23, 1944, the defendants executed in favor of the plaintiff spouses a promissory note for $2,400, to mature on April 30, 1946.   The instrument in its pertinent part reads as follows:

"We, María Belén Olmeda and Concepción P. widow of Alfaro, jointly and severally promise to pay to Attorney Diego O. Marrero and his wife . . . or to their order, on April 30, 1946, the sum of $2,400, for value received as a loan, and we also jointly and severally bind ourselves to pay interest at 9 per cent per annum in case of default and the costs and disbursements which may arise from proceedings to recover the said debt, including the fees of the attorney employed by the creditors or indorsers in case of judicial claim.

". . . The payment of this obligation shall be effected through monthly instalments of One Hundred ($100) dollars each which Mrs. María Belén Olmeda binds herself to pay on the last day of each month, the first payment to be made on April 30, 1944, for which reason the debt shall be totally paid on April 30, 1946; it being understood that the failure to pay three monthly instalments shall imply the maturity of this obligation at the option of the holder thereof, and judicial proceedings can be instituted for its collection. . . . We waive the right of notice, presentment, and protest."

In the original complaint it was alleged that the defendants paid the monthly instalments due on the 1st day of each of the months of May, June, July, and August, but they failed to pay and were owing the instalments due on the 1st day of each of the months of September, October, November, and December, 1944, and on January 1, 1945; that the failure to pay three monthly instalments entitled the holder of the promissory note to declare the whole indebtedness due; that notwithstanding the demand for payment made upon them, the defendant failed to make such payment. Judgment was prayed for the sum of $2,000 "with interest thereon at the rate fixed in the obligation until full payment of the debt, costs, disbursements, and attorney's fees."

On April 24, 1945, the defendant Concepción Plá widow of Alfaro appeared specially to challenge the validity of the summons and alleged (a) that said summons had not been issued in accordance with Form I of the Appendix to the Rules of Civil Procedure; (b) that said summons failed to comply with the provisions of subdivision (a) of Rule 4 of

the above-cited rules; and (c) that the service was not made pursuant to paragraph 8, subdivision (d) of said Rule 4. The motion to quash the summons was denied, and the defendant widow of Alfaro answered the complaint, denied the essential averments thereof, and alleged as special defenses (1) the insufficiency of the facts alleged to constitute a cause of action against said defendant; (2) that the contract of loan between the plaintiff and the defendant widow of Alfaro is void for lack of consideration; (3) that the interest charged on the loan is usurious, as it exceeds the rate authorized by law, and that, therefore, the loan is void; (4) that on the face of the complaint it appears that the plaintiffs had granted extensions to the principal debtor, María Belén Olmeda, without the knowledge or consent of codefendant Alfaro, a fact which extinguishes the responsibility of the latter as surety or guarantor; and (5) that the obligation was originally secured by an insurance policy of $5,000 on the life of the principal debtor, by means of a preferred right in favor of the plaintiffs up to the amount of the loan; that later said benefit was extended to cover the whole amount of the policy, in payment of the debt, and the plaintiffs, according to defendant's belief, as beneficiaries were paying premiums on the policy; and that, since the principal debtor has no other property, the assignment of the total amount of the policy to the plaintiffs extinguishes the obligation contracted by the principal debtor, and releases the defendant Alfaro from all liability as surety.

On September 18, 1945, the plaintiffs filed an amended complaint in which they waived the $400 originally claimed as interest and reduced the amount of the claim to $1,600 as principal plus costs, disbursements, and the sum which the court might deem reasonable as attorney's fees. In a second amended complaint the plaintiffs claimed the payment of interest at 9 per cent per annum from the date of the obligation until full payment thereof.

On October 24, 1946, the lower court rendered judgment

adjudging the defendant to pay jointly and severally to the plaintiffs the sum of $1,600 as principal, plus default interest at 9 per cent thereon from September 18, 1945, the date of the written waiver of usurious interest, until fully paid, plus costs and disbursements, without including attorney's fees, "as there was no obstinacy on the part of the defendant, who had resisted a claim on a contract which involved usurious interest." The judgment was subsequently amended, and the plaintiffs were granted attorney's fees in the sum of $150.

Feeling aggrieved by that judgment, the defendant Concepción P. widow of Alfaro took the present appeal charging the lower court with the commission of ten errors. We will consider them in the same order in which they have been assigned.

■■ That the lower court erred in dismissing the motion to quash the summons served on the defendants-appellants.

We have searched in vain the judgment roll for a copy of the summons and the return. It is incumbent on the appellant to place this Court in a position to consider and decide whether in the issuance of the summons and in the service thereof the provisions of the Rules of Civil Procedure were observed. In the absence of those documents the presumption that the decision of the lower court is correct should prevail.

■■ The lower court did not err in holding that the complaint stated facts sufficient to constitute a cause of action.

Nor did it err in dismissing the motion for a declaratory decree filed by the defendant-appellant more than one month after the filing of his notice of appeal. In said motion the trial court was requested to construe the "Statement of the Case and Opinion," rendered by her as a basis for its judgment, and to decide that the complaint did not state a cause of action. The court acted correctly in holding that the mo-

tion was in effect a motion for reconsideration of the judgment and, as such, did not lie "since the codefendant has appealed to the Supreme Court and we have, therefore, lost our jurisdiction."

In these two assignments it is urged that the lower court erred (a) in holding that the defendant-appellant bound herself as solidary debtor and not as surety, and (b) in dismissing the special defense of nullity of the contract of loan for lack of consideration.

The promissory note, as we have seen, begins by stating: "We, María Belén Olmeda and Concepción P. widow of Alfaro, *jointly* and *severally* promise to pay to Attorney Diego O. Marrero and his wife." Further on it says: "The payment of this obligation shall be effected through monthly instalments of One Hundred ($100) dollars each which Mrs. María Belén Olmeda binds herself to make on the last day of each month, etc." The lower court held "that the fact that María Belén Olmeda assumed the obligation to pay the amount of the debt in monthly instalments of $100 each does not divest said debt of its solidary character."

The defendant-appellant has not challenged the genuineness of the promissory note, which is tantamount to the admission thereof pursuant to § 119 of the Code of Civil Procedure; and, since the promissory note is genuine, it has the same weight as a public document between the parties thereto and their successors in interest, according to § 1179 of the Civil Code, 1930 ed. *Cintrón & Aboy* v. *Solá*, 22 P.R.R. 245.

In *Santini Fertilizer Co.* v. *Flores et al.*, 40 P.R.R. 389, the defendant, who as in the present case appeared as a solidary debtor in a promissory note, set up the defense that she signed the promissory note as surety, and that the money loaned was not intended for her use or benefit. An appeal taken by her was dismissed, as it was considered frivolous, the court saying:

"We do not think that it would be a good defense for a solidary obligor to plead that he signed the note sued on as

a guarantor of his comaker, and likewise as to the defenses that defendant Ruperta Flores did not take the goods to which the note related, or subscribed the note for the benefit of the conjugal partnership. It is possible that it might not be easy to execute the judgment out of the share of the defendant in such community property, but it is beyond question that the fact that she signed the obligation to accommodate her brother Gerardo Flores does not constitute a meritorious defense."

In *Galeno* v. *Abruña, et al.*, 40 P.R.R. 769, we held that "when a person along with another signs a joint and several promissory note he is a principal debtor in accordance with *Cintrón & Aboy* v. *Solá*, 22 P.R.R. 245, 250" and that, "as held by the court below, it makes no difference that the money loaned, the consideration for the note, passed exclusively to the other person. There is no contract of suretyship unless the parties so agree, and we do not find such an agreement in the evidence." See *Bennett et al.* v. *Boschetti et al.*, 31 P.R.R. 809.

In *National City Bank of N. Y.* v. *Martínez*, 41 P.R.R. 162, it was held, to quote from the syllabus, that "Where a person, to accommodate or benefit others and without actually being a debtor, signs a promissory note as solidary obligor, he thereby establishes in the instrument the law of the contract—with respect to his status as such solidary obligor and not as a surety—as the last expression of the intention of the parties, and he is thereby liable as a debtor *in solidum*." It was also held that "One who signs as solidary debtor an instrument upon which the creditor relies and acts accordingly is estopped to deny liability."

In accordance with plaintiff's testimony, to which the trial court accorded credit, he would have not delivered the $2,000 to Belén Olmeda if the promissory note had not contained the signature of the widow of Alfaro "as joint and solidary debtor." The plaintiff further testified that Mrs. Alfaro had told him on various occasions that Belén Olmeda had delivered to her $800 of the loan, to pay a debt which she owed to another person. Mrs. Olmeda testified that the

money which they borrowed from Mr. Marrero was to be distributed between them, a portion thereof to go to Mrs. Olmeda and the remaining portion to the defendant Mrs. Alfaro.

The lower court did not err in holding that the defendant had bound herself as solidary debtor and that there existed a sufficient consideration for the validity of the contract.

The appellant contends that the lower court erred in dismissing the defense that the granting of extensions by the plaintiff to the debtor, Mrs. Olmeda, extinguished the obligation of Mrs. Alfaro as surety.

Such an error is nonexistent. Section 1750 of the Civil Code, 1930 ed., which provides that "the extension granted to the debtor by the creditor without the consent of the surety extinguishes the security" is not applicable in this case, which, as we have already decided, involves two solidary debtors and not a principal debtor and a surety.

■ According to the evidence, at the time the complaint was filed the defendants had already paid the four monthly instalments which became due on the first day of each of the months of May, June, July, and August, 1944, and they owed the five instalments corresponding to the months of September to December, 1944, and January 1, 1945. The defendant-appellant contends that if the sum of $400, the amount of the interest waived by the plaintiff at the trial, were applied to the payment of the instalments corresponding to the months of September, October, November, and December, 1944, it would result that at the time of the filing of the original complaint the defendants owed only the instalment corresponding to the first of January 1945, in which case the complaint would not state facts sufficient to constitute a cause of action.

We do not agree with the contention of the appellant. The waiver of the interest, made by the plaintiffs at the time of the trial, cannot have the effect of curing the default in-

curred by the defendants at the time the complaint was filed. If the defendants considered that they were not bound to pay interest on the $2,000 received by them as a loan, because they deemed said interest to be usurious, they should have refrained from paying the amount pertaining to the interest while paying the part corresponding to the principal of the loan. By failing to do so, they defaulted in the payment of five monthly instalments, which entitled the plaintiffs to bring an action to recover on the loan.

The remaining assignments are so clearly frivolous that they do not merit any discussion.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.